LMH

1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    United States of America,          )    No. CR 03-249-PHX-MHM
                                         )
10                 Plaintiff,            )    **ORDER**
                                         )
11   v.                                  )
                                         )
12   Ramiro Flores-Alvarado,             )
                                         )
13                 Defendant/Movant.     )
                                         )
14   _____)

15          Movant, presently confined in the California City Correctional Center in California

16   City, California, has filed a *pro se* Motion for Review of Sentence Under 18 U.S.C. § 3742

17   (Dkt. #48).  The Court will deny the motion.

18   **A.    Background**

19          Movant pled guilty to illegal re-entry after removal, a violation of 8 U.S.C. § 1326.

20   On February 2, 2004, he was sentenced to a term of fifty-eight months, to be followed by

21   three years on supervised release.  He appealed, and the Ninth Circuit Court of Appeals

22   dismissed for lack of jurisdiction.

23          Movant previously filed an action pursuant to 28 U.S.C. § 2255, which the Court

24   dismissed because the appeal was then pending.  See Dkt. #44.  Presently, Movant seeks to

25   be resentenced in light of United States v. Booker, 125 S. Ct. 738 (2005) under 18 U.S.C.

26   § 3742.

27

28

**B.**   **Analysis**

Movant has already been sentenced.  District courts do not have inherent authority to reconsider sentencing orders.  United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999).  Statutory provisions prohibit a district court from modifying a sentence except when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  18 U.S.C. § 3582(c)(1)(B); United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).

Movant relies upon the statutory provisions in 18 U.S.C. § 3742.  Under § 3742(a), a defendant may file a notice of appeal for review of an otherwise final sentence under certain circumstances.  Section § 3742(e) permits review of the record by the court of appeals.[1]  There is no provision in § 3742 for a motion for review of the sentence by the district court.  See, e.g., United States v. Ruiz-Alonso, 397 F.3d 815, 817 (9th Cir. 2005) (§ 3742(a) and (b) continue to provide for appeals from sentencing decisions).  Instead, § 3742(g) only allows the district court to resentence *after* a remand by the court of appeals.  Thus, a proceeding under § 3742 properly begins by a timely filed notice of appeal in the court of appeals.  Movant's present motion is therefore procedurally improper.

In addition, other statutory methods to review a sentence do not apply to Movant's circumstances.  See 18 U.S.C. § 3582(c)(1) (requiring motion by the Director of the Bureau of Prisons).  Rule 35 also does not apply to Movant.  See FED. R. CRIM. P. 35 (allowing correction of sentence within seven days after sentence or upon motion of government for substantial assistance).

Otherwise, the Court possesses jurisdiction to modify a sentence pursuant to 28 U.S.C. § 2255 for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[1]Section 3742(e) was excised and severed as unconstitutional to the extent that it provided for *de novo* review on appeal of sentencing departures from the applicable guidelines range.  United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Sentences are instead implicitly reviewed for reasonableness.  Id. at 765.

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.  The Court, however, declines to recharacterize the present motion pursuant to 18 U.S.C. § 3742 as one filed pursuant to § 2255.

In Castro v. United States, 540 U.S. 375 (2003), the Supreme Court held that a district court cannot recharacterize a motion as the first § 2255 motion "*unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 377 (emphasis in original).  If these warnings listed in Castro are not made, the motion will not count as a § 2255 motion for purposes of the "second or successive" provision.

A "second or successive" motion requires certification by the court of appeals before it may be heard by the district court.  The standards are stringent.  The court of appeals must find that the motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.  Although Movant has already filed a motion pursuant to § 2255, that motion was dismissed without prejudice due to a pending appeal.  Therefore, another § 2255 motion would not be considered "second or successive" requiring authorization before filing in this Court.

In lieu of recharacterizing his motion, the Court will instead permit Movant to file an action pursuant to 28 U.S.C. § 2255 if he so chooses.  To assist Movant, the Court will direct the Clerk of Court to send Movant the court-approved form for a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED:**

(1)   That the Motion for Review of Sentence Under 18 U.S.C. § 3742 (Dkt. #48) is **denied**; and

(2)    That the Clerk of Court shall provide Movant a form for filing a Motion to Vacate, Correct or Set Aside Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

DATED this 29th day of September, 2005.

_____
Mary H. Murgula
United States District Judge

_____
Name

_____
Prison Number

_____
Place of Confinement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | _____ |
| ) | Case Number (To be supplied by |
| _____, ) | the Clerk, U. S. District Court) |
| (Full Name of Movant) ) | |
| ) | |
| _____, ) | MOTION TO VACATE, SET ASIDE, |
| (Include name under which you were ) | OR CORRECT  SENTENCE BY A |
| convicted.) ) | PERSON IN FEDERAL CUSTODY |
| ) | (28 U.S.C. § 2255) |
| Movant. ) | |
| _____ ) | |

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

INSTRUCTIONS - READ CAREFULLY

(1) This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question, use reverse side of sheet.

(2) Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief.  No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the Declaration on the last two (2) pages, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the Certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions

(6/22/82)                                                                    **510**

either in the same district or in different districts, you must file separate motions as to each judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, *the original and two (2) copies* must be mailed to:

<u>Phoenix & Prescott Divisions</u>:   OR   <u>Tucson Division</u>:
U.S. District Court Clerk                    U.S. District Court Clerk
U.S. Courthouse, Suite 321                   U.S. Courthouse, Suite 1500
401 West Washington St., SPC 10              405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

<u>MOTION</u>

1.  Name and location of court which entered the judgment of conviction under attack: _____

2.  Date of judgment of conviction: _____

3.  Length of sentence: _____ Sentencing Judge: _____

4.  Nature of offense involved (all counts): _____
    _____
    _____
    _____

5.  What was your plea?   (Check one)
    (a) Not Guilty      (  )
    (b) Guilty          (  )
    (c) Nolo contendere (  )
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
    _____
    _____
    _____

6.  Kind of trial:  (Check one)
    (a) Jury          (  )
    (b) Judge only    (  )

7.  Did you testify at the trial? Yes (  )      No (  )

8.  Did you appeal from the judgment of conviction?  Yes (  )      No (  )

9.  If you did appeal, answer the following:
    (a) Name of Court: _____
    (b) Result: _____
    (c) Date of result: _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?      Yes (  )    No (  )

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of Court: _____
        (2) Nature of proceeding: _____
        _____

-2-

(3) Grounds raised: _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition,
application,      or motion? Yes ( )      No ( )
(5) Result: _____
(6) Date of result: _____
(b) As to any second petition, application, or motion, give the same
information:
(1) Name of court: _____
(2) Nature of proceeding: _____

_____

(4) Did you receive an evidentiary hearing on your petition,
application, or motion?  Yes ( )      No ( )
(5) Result: _____
(6) Date of result: _____
(c) As to any third petition, application, or motion, give the same
information:
(1) Name of court: _____
(2) Nature of proceeding: _____
(3) Grounds raised: _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition,
application,      or motion? Yes ( )      No ( )
(5) Result: _____
(6) Date of result: _____
(d) Did you appeal, to an appellate federal court having jurisdiction,
the result of action taken on any petition, application, or motion?
(1) First petition, etc.      Yes ( )      No ( )
(2) Second petition, etc.      Yes ( )      No ( )
(3) Third petition, etc.      Yes ( )      No ( )
(e) If you did not appeal from the adverse action on any petition,
application, or motion, explain *briefly* why you did not: _____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held
unlawfully. Summarize *briefly* the facts supporting each ground. If
necessary, you may attach pages stating additional grounds and *facts*
supporting same.
CAUTION:   If you fail to set forth all grounds in this motion, you may
be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by an unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.    Ground One: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

B.    Ground Two: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____

C.    Ground Three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.    Ground Four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously
     presented, state briefly what grounds were not so presented, and give
     your reasons for not presenting them: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

14.  Do you have any petition or appeal now pending in any court as to the
     judgment under attack?    Yes ( )        No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: __

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ( )    No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    Yes ( )       No ( )

(a) If so, give the name and location of the court which imposed the sentence to be served in the future: _____

_____

(b) Give the date and length of sentence to be served in the future: ____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )       No ( )

WHEREFORE, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct:

Executed on _____        _____
              (date)                     Signature of Movant

_____
Signature of Attorney (if any)

-6-